IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VALERIE ALVA, | ) | 1:08cv0324 DLB |
| | ) | |
| | ) | |
| | ) | ORDER DISMISSING ACTION |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

    On February 26, 2008, Plaintiff, through counsel, filed the present action for judicial review of the denial of Social Security benefits. On September 29, 2008, the Court granted counsel's request to withdraw and extended the filing deadlines. Pursuant to that order, Plaintiff's opening brief was due on or before November 30, 2008.

    Plaintiff did not file her opening brief, and on December 31, 2008, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to file her opening brief. Plaintiff was ordered to respond within twenty (20) days. She has not responded or otherwise contact the Court.

1

**DISCUSSION**

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since February 26, 2008. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the

factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's December 31, 2008, order to show cause expressly stated that failure to respond would result in dismissal of the action.  Thus, Plaintiff had adequate warning that a recommendation of dismissal would result from non-compliance with the Court's order.

## ORDER

Accordingly, based on Plaintiff's failure to follow the Court's orders and failure to prosecute, the Court orders that the action be DISMISSED WITHOUT PREJUDICE.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **February 2, 2009**                         **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE

3